IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES FRANTZ**, | ) CIVIL ACTION NO. **23-284** |
| Plaintiff, | ) |
| v. | ) |
| **WESTMORELAND COUNTY PRISON, et al.**, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D. On April 8, 2025, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 70), which recommended that the motion to dismiss (ECF No. 64) filed by defendant correctional officers Joshua Borelli, Jeffrey Long, Steven Pelesky and Brad Tomasello (collectively, "COs") be granted.

Plaintiff, former inmate James Frantz ("Frantz"), is represented by counsel in this case. Frantz's counsel, on behalf of Frantz, filed a memorandum of law in opposition to the motion to dismiss (ECF No. 68). On April 22, 2025, Frantz, through his counsel, filed objections (ECF No. 71) to the R&R, for the same reasons set forth in his memorandum of law. The COs filed a response to the objections (ECF No. 72). The R&R is ripe for review.

1

Following an independent review of the record, and for the reasons set forth below, the court is satisfied that the R&R is correct and will therefore accept the recommendation of the magistrate judge that the COs' motion to dismiss (ECF No. 64) be granted. The case will continue against other named defendants.

Standard of Review

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. *See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

Even if no objections are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see McClain v. Pa. Dept. of Corr.*, No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the R&R for clear error).

Background

Frantz filed his original complaint on February 21, 2023, and named several defendants, including John Does. Defendants Westmoreland County Prison and warden Brian Kline filed an answer. On July 9, 2024, the court issued an opinion and order (ECF Nos. 40, 41), which adopted an R&R and granted the motion to dismiss filed by Wexford Health Sources, Inc.

On July 17, 2024, Frantz filed a second amended complaint naming the COs as defendants. The COs seek dismissal of the claims against them, arguing that on the face of the second amended complaint those claims are time barred by the applicable statute of limitations. On August 9, 2024, Frantz filed a third amended complaint ("TAC") (ECF No. 48), which is the operative pleading.

Discussion

Frantz argues that his claims against the COs are timely because they relate back to the date of filing of the original complaint. Frantz posited a "shared identity" theory for imputation of notice to the COs. In the alternative, Frantz argues that his mental state and incapacity justify relief under the doctrine of equitable tolling. The magistrate judge rejected those arguments.[1] The court will consider each argument.

1. Relation back doctrine

The magistrate judge recognized that the only count asserted against the COs (count 1 of the TAC) was based on an alleged excessive force incident that occurred on January 13, 2022.

---

[1] The magistrate judge, therefore, did not reach the COs' alternative argument that the allegations failed to state a viable excessive force claim. *See* R&R at 5 n.3.

3

The COs were first named as defendants in the second amended complaint (ECF No. 42), which was filed on July 17, 2024. The magistrate judge concluded that the statute of limitations for § 1983 claims is two years. The magistrate judge reasoned that, on the face of the TAC, the claims against the COs are time barred. R&R at 5. Frantz does not contest this part of the analysis.

The magistrate judge considered Frantz's argument that the second amended complaint relates back to the filing of the original complaint on February 21, 2023 (ECF No. 1). The magistrate judge correctly explained that all three conditions set forth in Federal Rule 15(c) must be met. R&R at 6 (citing *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001) ("The Rule is written in the conjunctive, and courts interpret 15(c)(3) as imposing three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to substitute newly named defendants."). The three conditions are: (1) the claim against the newly named defendants must have arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"; (2) the newly named party must have "received such notice of the institution of the action [within the 120 day period] that the party will not be prejudiced in maintaining a defense on the merits."; and (3) the newly named party must have known, or should have known, (again, within the 120 day period) that "but for a mistake" made by the plaintiff concerning the newly named party's identity, "the action would have been brought against" the newly named party in the first place. *Singletary*, 266 F.3d at 194.

The magistrate judge concluded that Frantz failed to meet the first condition because the claims asserted against the newly-named COs did not arise out of the conduct set forth in the original complaint. The magistrate judge confirmed that the original and first amended complaints contained no reference to an incident on January 13, 2022. The original complaint

4

alleged only claims of deliberate indifference to his medical condition, not excessive force. The first necessary condition for the "relation back" doctrine, therefore, was not met. The magistrate judge noted: "Frantz offers no response to this argument." R&R at 7.

The magistrate judge also concluded that Frantz failed to meet the second and third conditions for the relation back doctrine. The magistrate judge recognized that Frantz named "John Doe" defendants, but only with respect to indifference to his medical condition. The magistrate judge explained that the "shared identity" theory of notice lacked merit because none of the named prison officials would have had notice of an excessive force claim. In sum, the magistrate judge concluded that none of the conditions for the relation back doctrine were met. *Id.* at 7-8.

Upon de novo review, the relation back doctrine does not apply. The excessive force claim is based on an incident on January 13, 2022, and does not arise out of the conduct set forth in the original complaint (i.e., alleged deliberate indifference to Frantz's medical conditions.) In his objections, Frantz still does not "offer a response to this argument." Because he fails to meet the first condition, this court need not consider the other conditions to application of the relation back doctrine, although it adopts the magistrate judge's persuasive analysis of those conditions, as well.

In sum, the claims against the COs are barred by the applicable statute of limitations.


2. Equitable tolling

A court may "rescue a claim otherwise barred as untimely by a statute of limitations" through the doctrine of equitable tolling. *D.J.S.-W. by Stewart v. United States*, 962 F.3d 745,

749 (3d Cir. 2020). Frantz argues that he is entitled to equitable tolling of the limitations period because he "suffers from substantial medical disabilities prior to his incarceration which were exacerbated and/or caused by the Defendants." (ECF No. 68 at 11). Specifically, Frantz contends that he was experiencing a paranoid schizophrenic episode on January 13, 2022 (ECF No. 68 at 12), and "has no recollection of his incarceration that is subject of this matter." (ECF No. 68 at 10). Thus, his claims had to be reconstructed from prison records. Frantz recognizes that he "bears the burden of showing that such an extraordinary event has stood in his way, and must also demonstrate that he diligently pursued his rights." (ECF No. 68 at 11) (citations omitted).

The magistrate judge correctly described equitable tolling, as explained in *D.J.S.-W.* (R&R at 8-9):

> [T]here are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting ... her rights; or (3) where the plaintiff has timely asserted ... her rights mistakenly in the wrong forum.

*D.J.S.-W.*, 962 F.3d at 750.

The magistrate judge concluded that none of these situations was applicable. There was no allegation that any of the COs "actively misled" Frantz about his claim of use of excessive force or prevented him from asserting his rights. In addition, the magistrate judge concluded that Frantz did not demonstrate due diligence or explain why it took him (or his counsel) more than two years to discover facts to assert an excessive force claim. The magistrate judge pointed out that he could have asserted an excessive force claim against John Doe defendants, as he did with respect to his deliberate indifference claim.

Upon de novo review, the court agrees with the magistrate judge. Frantz, in his objections, did not address the shortcomings identified in the magistrate judge's analysis. Frantz did not articulate any conduct by the COs to mislead him or to prevent him from asserting his rights. From the record before the court, Frantz is only asserting that his mental and physical disabilities caused his failure to comply with the deadline – he does not allege any actions by the COs that prevented him from timely filing the claims in issue. In addition, Frantz did not describe his diligent efforts to comply with the limitations period. Under those circumstances, the extraordinary remedy of equitable tolling is not warranted.

Conclusion

For the reasons set forth above, the motion to dismiss (ECF No. 64) filed by the COs will be granted. The court will adopt the R&R (ECF No. 70) as the opinion of the court, as supplemented herein.

The excessive force claims against the COs will be dismissed with prejudice. Because the limitations period has expired, it would be futile to provide Frantz leave to amend. The court does not consider whether, if the COs were identified in the complaint for deliberate indifference to medical condition claims, they would be included in the John Does already named as defendants. An appropriate order follows.

Dated: May 14, 2025                                                           BY THE COURT

*/s/ Joy Flowers Conti*
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE