# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES FRANTZ**, | ) | CIVIL ACTION NO.  **23-284** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **WESTMORELAND COUNTY** | ) | |
| **PRISON, BRIAN L. KLINE,** | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.  On January 15, 2026, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 96), which recommended that motions to dismiss (ECF Nos. 85 and 88) filed by the remaining defendants, Westmoreland County Prison, warden Brian L. Kline ("Kline") and Wexford Health Sources, Inc. ("Wexford"), be granted, and a motion to substitute party representative (ECF No. 90) be denied.

On January 29, 2026, attorney Graham Baird ("Baird"), counsel for plaintiff James Frantz ("Frantz"), who is now deceased, filed objections to the R&R (ECF No. 97).  Defendants filed a response in opposition to the objections (ECF No. 98).  The R&R is ripe for review.

<u>Standard of Review</u>

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings

1

or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. *See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

Even if no objections are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see McClain v. Pennsylvania Department of Corrections*, No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); *Univac Dental Co. v. Dentsply Intern., Inc*., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the R&R for clear error).

Factual Background

The court will briefly review the timeline relevant to the pending motions.  Baird filed the original complaint on behalf of Frantz on February 21, 2023, and has been counsel of record throughout the case.  Frantz died on May 17, 2025.

On June 24, 2025, Baird and defense counsel jointly filed a stipulated protective order (ECF No. 78), but did not at that time inform the court about Frantz's death.  On July 22, 2025, defendants filed a Suggestion of Death on the docket in this case (ECF No. 80).  On August 7 and 11, 2025, Defendants served the Suggestion of Death on Marcia Kostley and Sandra Gregory, Frantz's sisters (ECF Nos. 81, 82).

On October 8, 2025, defendants filed a "consent motion" to stay summary judgment filings pending expiration of the deadlines to substitute parties in Rule 25 (ECF No. 83). The motion explained that the deadline to move for substitution was November 9, 2025, i.e., 90 days from the latest date of service of the Suggestion of Death. *Id.* ¶ 15. Paragraph 30 of the motion represented that counsel for Frantz (i.e., Baird) concurred in the relief sought. *Id.*

On November 13, 2025 (after expiration of the deadline identified by defendants), Westmoreland County Prison and Kline filed the pending motion to dismiss, with brief in support (ECF Nos. 85, 86). Wexford filed a similar motion to dismiss on November 17, 2025 (ECF Nos. 88, 89).

On December 3, 2025, Baird filed the pending "motion to substitute party representative and opposition to defendants' motion to dismiss" (ECF No. 90). Attached to the motion was a "Short Form Certificate" signed by the Westmoreland County Register of Wills and dated July 10, 2025 (ECF No. 90-2). The Short Form Certificate reflected that Joani Pletcher ("Pletcher") had been appointed as administrator of Frantz's estate (ECF No. 90-2).

In the motion to substitute, Baird recognized that "[b]ecause the attorney-client relationship terminates upon the client's death, counsel may no longer represent Mr. Frantz directly." (ECF No. 90 at 2). Baird nevertheless asked the court to substitute Pletcher as the party and to deny the motions to dismiss. Baird did not explain whether he represented Pletcher, was acting on her instructions, or had communicated with Pletcher prior to filing the motion.

In the R&R, the magistrate judge determined that Baird was not authorized to file a motion to substitute and that no motion to substitute was filed within the 90-day period after service of the suggestion of death on Frantz's sisters. The magistrate judge, therefore, recommended that the

motion to substitute be denied and the motions to dismiss be granted and the case be closed.  Baird

filed objections.

Discussion

The pending motions involve the mechanics of substitution of parties under Federal Rule

of Civil Procedure 25(a).  Rule 25(a) provides:

> (a)  Death.
>
> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made **by any party or by the decedent's successor or representative.** If the motion is not made **within 90 days after service of a statement noting the death**, the action by or against the decedent **must** be dismissed.
>
> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and **on nonparties as provided in Rule 4**. **A statement noting death must be served in the same manner.** Service may be made in any judicial district.

Rule 25(a) (emphasis added).  The court will address the motion to substitute before turning to the

motions to dismiss.


A.  Motion to substitute

In the R&R, the magistrate judge noted that Baird was former counsel for Frantz and that

Baird knew about Frantz's death by, at the latest, July 22, 2025, when the Suggestion of Death

was filed on the docket (ECF No. 96 at 3-4).  The magistrate judge also observed, correctly, that

Baird did not aver that he represents Pletcher and noted that it is unclear whether Pletcher is aware

4

of or consents to her substitution.  *Id.* at 4.

The plain text of Rule 25(a)(1) provides that a motion for substitution may be made by: (1) "any party"; or (2) "by the decedent's successor or representative."  Baird, the former attorney of Frantz, is not a party and is not Frantz's successor or representative.  Baird's motion for substitution is a nullity.  *See Hafen v. Wade*, No. 2:19-CV-00916, 2022 WL 17061294, at *3 n. 16 (D. Utah Nov. 17, 2022) (suggestion of death filed by the attorney representing decedent has no effect because the attorney-client relationship terminated upon the death) (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary K. Kane, <u>Federal Practice and Procedure</u> § 1955 (3d ed.) ("[T]he attorney for the deceased party may not make the statement noting death since the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated in [Rule 25].")).

Accordingly, Baird's motion to substitute (ECF No. 90) fails to comply with Rule 25 and will be denied.  The court adopts this part of the R&R, as supplemented in this opinion.  Baird will be removed from the docket in this case.  *See Giles v. Campbell*, 698 F.3d 153, 158 n.3 (3d Cir. 2012) (removing counsel for the deceased party from the docket of the case).

B.  Motions to dismiss

The analysis of the pending motions to dismiss is less straightforward.  It is true that Rule 25 establishes a 90-day deadline for filing a motion to substitute, after which the complaint "must" be dismissed.  The question, however, is when that 90-day period begins to run.

The text of Rule 25(a)(1) provides that the triggering event is "**service of a statement**

**noting the death."** Rule 25(a)(3) provides that service of the notice of death must be made on parties pursuant to Rule 5 and on nonparties in accordance with Rule 4. Defendants filed a suggestion of death on the electronic docket on July 22, 2025 (ECF No. 80), which was 12 days after the Short Certificate was dated.

Here, Pletcher is considered a nonparty because she has not been substituted for Frantz. *Giles*, 698 F.3d at 158 ("Rule 25(a)(3) requires that both the motion to substitute and the suggestion of death be served pursuant to Rule 5 for parties and pursuant to Rule 4 for nonparties. [An] executrix, representing his estate, is a nonparty to [the] lawsuit and, thus, must have been served pursuant to Rule 4."). The court explained in *Giles*:

> [W]hile Rule 5 is "clerical and administrative in nature" and applies to papers filed after the complaint, Rule 4 is "jurisdictionally rooted." *Id.* at 516–17. Service under Rule 5, therefore, cannot be substituted for service under Rule 4. *Id.* at 518. The *Ransom* court rejected the plaintiff's argument that Kline's subsequent appearance on behalf of the estate and the fact that the executrix had actual notice meant that the service requirements in Rule 25(a)(3) could be relaxed.

*Id*. at 159 (citation omitted). Defendants served the notice of death on Frantz's sisters approximately two months **after** Pletcher was appointed as the administrator of the estate (ECF No. 90-2). The record does not reflect that Pletcher was ever served with the notice of death.

Rule 25 does not explicitly provide guidance about who must be served with the suggestion of death, i.e., whether a defendant must serve all beneficiaries and personal representatives of the estate, or whether service upon one or more interested successors or representatives will suffice.

In *Easley v. Wetzel*, No. 1:21-CV-251, 2022 WL 22907223 (W.D. Pa. Nov. 4, 2022), the court explained that the "proper party" to be served to trigger the time limits in Rule 25 is governed by state law. *Id.* at *1 (citing *Ralston v. Garabedian*, 2022 WL 3647818, at *2-3 (E.D. Pa. Aug. 24, 2022)). The court explained the applicable rules under Pennsylvania law:

> Under Pennsylvania's Rules of Civil Procedure, the proper party for substitution is the "personal representative of the deceased party." Pa. R.C.P. 2355(a). *See also Grimm v. Grimm*, 149 A.3d 77, 84 (Pa. Super. Ct. 2016) (substitution of the deceased party's personal representative is "mandatory" for action to proceed); 20 Pa. C.S.A. § 3372 (requiring "[s]ubstitution of the personal representative of a deceased party to a pending action or proceeding ... as provided by law."). Thus, all actions surviving a decedent "must be brought by or against the personal representative of the decedent's estate." *Ralston*, 2022 WL 3647818, at *3 (quoting source omitted). *See also Reposh v. Sellers*, 2016 WL 1364247, at *3 (M.D. Pa. Apr. 6, 2016) ("Only the decedent's *personal representative* therefore has the capacity to represent the interests of the decedent under Pennsylvania's survival statute.") (emphasis in original). In this context, "personal representative" is defined as the "executor or administrator" of the estate. 20 Pa. Cons. Stat. § 102.

*Id.* In sum, under Pennsylvania law, Pletcher, as the administrator of Frantz's estate, is the proper party for substitution. *See Giles*, 698 F.3d at 159 (motion to substitute filed without serving the personal representative of the deceased party's estate is "a nullity").

In *Feyka v. Wal-Mart Stores, Inc.*, No. 2:19-CV-00288, 2020 WL 13656235, at *2 (W.D. Pa. Dec. 4, 2020), the court commented that "where the opposing party files the suggestion of death and does not know who the successor is, notice to and service on counsel suffice to start the 90-day clock running." (quoting *Giles*, 698 F.3d at 159) (punctuation omitted). In *Easley*, the court advised that a notice must be served on the personal representative and if the party seeking to give notice does not know whether there is a personal representative, that party "must petition the [appropriate] Orphans' Court to open an estate for [the decedent] and appoint an administrator for his estate." *Easley*, 2022 WL 22907223 at *1.

In this case, it does not appear that the defendants needed to petition the Orphans' Court to open an estate and appoint an administrator because Pletcher was already appointed. Defendants did not aver that they were unaware of or could not have learned about Pletcher's appointment as

the administrator of Frantz's estate.[1]  Because the notice of death was filed after Pletcher was appointed as the administrator of Frantz's estate, and defendants failed to explain why they did not know or could not have known about Pletcher's appointment as the administrator of Frantz's estate, the court needs to deny the motion to dismiss without prejudice.

The record in this case does not reflect whether defendants knew or should have known that Pletcher was the administrator of the estate at the time the notice of death was served on the decedent's sisters or even if the defendants served Pletcher.  The record before the court does not establish that defendants triggered the 90-day notice period in Rule 25.  On the other hand, as explained above, Pletcher has not yet filed a proper motion to be substituted as a party in this case.

Accordingly, the motions to dismiss will be denied without prejudice.  *See Giles*, 698 F.3d at 159 n.5 (noting that if the suggestion of death was refiled and served on the estate pursuant to Rule 4, it would trigger a new 90-day time limit in Rule 25).  This aspect of the R&R, to dismiss and close the case, will not be adopted.

---

1 In response to the motion to substitute, defendants submitted an undated excerpt from Frantz's will that purported to identify his sisters, Marcia Kostl and Sandra Gregory, as his personal representatives (ECF No. 94-1 at 3).  It is unknown who petitioned the Orphan's Court to appoint Pletcher as the administrator or why Pletcher was selected as the administrator.

Conclusion

       For the reasons set forth above, the motions to dismiss (ECF Nos. 85 and 88) filed by

defendants will be denied without prejudice, and the motion to substitute (ECF No. 90) will be

denied.  Attorney Baird will be removed from the docket.  The court will adopt the R&R (ECF

No. 96) in part as the opinion of the court, as supplemented herein, and will not adopt the R&R

in part, for the reasons set forth in this opinion.

       An appropriate order follows.


Dated: February 27, 2026


                               BY THE COURT


                               ***/s/ Joy Flowers Conti***
                               JOY FLOWERS CONTI
                               SENIOR UNITED STATES DISTRICT JUDGE